IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| LEO YXTA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.  1:21-cv-475 |
| | § | |
| SRZ TRANSPORTATION, LLC | § | |
| and | § | |
| TYKELIN TUAWN GRAY | § | JURY TRIAL REQUESTED |

## DEFENDANT'S TYKELIN TUAWN GRAY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant, TYKELIN TUAWN GRAY, files this Notice of Removal pursuant to 28 U.S.C. §§1441 and 1446, showing the following basis for removal.

### INTRODUCTION

1.    Plaintiff, LEO YXTA, filed Plaintiff's Original Petition against Defendants on August 6, 2021, under Cause No. 21DC-CV-00892, pending in the 75th District Court, Liberty County, Texas.   Defendant SRZ TRANSPORTATION, LLC is appearing voluntarily and consents to this removal, and citation upon Defendant TYKELIN TUAWN GRAY was issued on August 12, 2021.

2.    Defendant, SRZ TRANSPORTATION, LLC, is appearing voluntarily. Defendant, TYKELIN TUAWN GRAY, was served with Plaintiff's Original Petition on August 17, 2021. Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. was added as a Defendant on September 9, 2021, after opposing counsel verbally consented to this removal.

3.    This original Notice of Removal is filed within thirty days of service upon Defendant TYKELIN TUAWN GRAY, the statutory period for removal as required under 28

U.S.C. §1446(b).

JURISDICTION

4.     This court has removal jurisdiction over this lawsuit pursuant to 28 U.S.C. §§1441 and 1446 and based upon diversity of citizenship under 28 U.S.C. §1332.  Plaintiff, LEO YXTA, is domiciled in Texas and is a citizen of this state.  Defendant, TYKELIN TUAWN GRAY, is domiciled in Alabama and therefore a citizen of that state. Defendant, SRZ TRANSPORTATION, LLC, is a domestic limited liability company in the State of Indiana with its principal place of business in Jasper, Indiana, and therefore a citizen of the State of Indiana. Thus, there is diversity of citizenship between the parties before the Court.

BASIS FOR REMOVAL

5.     Diversity of citizenship under 28 U.S.C. §1332. Plaintiff is a citizen of Texas and the properly joined Defendants are citizens of other states.

6.     Consistent with TEX. R. CIV. P. 47, Plaintiff seeks monetary relief over $200,000.00 but not more than $5,000,000.00 in damages in his Original Petition.  Therefore, based on information and belief of Defendants herein, Plaintiff is seeking damages in excess of this court's jurisdictional minimum of $75,000.00, excluding interest and costs.

7.     All Defendants who have been properly joined and served join in or consent to the removal of this case to federal court. 28 U.S.C. §1446(b)(2)(A); *Cook v. Randolph Cnty.*, 573 F.3d 1143, 1150-51 (11th Cir. 2009); *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008); *Harper v. AutoAlliance Int'l, Inc*., 392 F.3d 195, 201-02 (6th Cir. 2004).  Defendant STATE FARM was just joined and has not made an appearance at this time and is not a proper party as that claim is not ripe.

8.     All pleadings, process, orders, and other filings in the state court action in the

possession of Defendants are attached to this notice as required by 28 U.S.C. §1446(a).

9.      Venue is proper in this district under 28 U.S.C. 1391(b)(2) because the sole basis for Plaintiffs' suit and claim for damages arose from a motor vehicle accident which happened in Liberty County, Texas

10.     Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the action has been pending.

11.     Should Plaintiff attempt to rescind the verbal non-opposition of this removal, the claims against Defendant STATE FARM are not ripe and cannot support a basis for maintaining the case is Texas State Court.  However, Plaintiff's claim against STATE FARM is not ripe.  The Texas Supreme Court has held that an insurer (STATE FARM in this case) is under no contractual duty to pay benefits under a standard automobile liability policy providing UIM coverage unless and until the insured obtains a judgment for such benefits that the insurer is thereby bound to pay, **presentment of the claim requires the rendition of such a judgment.** (emphasis added.)  *State Farm v. Nickerson*, 216 S.W.3d 823 (Tex. 2006) *see also, Brainard v. Trinity Universal Insurance Company*, 216 S.W.3d 809 (Tex. 2006).  Therefore, the claim under which Plaintiff is attempting to create Texas State Court jurisdiction does not exist until a Judgment against Defendants SRZ TRANSPORTATION, LLC and GRAY exceeds their policy. In other words, STATE FARM owes no duty to Plaintiff as the case is currently situated and, therefore, Plaintiff has no valid cause of action against STATE FARM.  STATE FARM is not a proper party to this case and, consequently, their joinder is fraudulent.

a.)     If Plaintiff/Petitioner attempts to maintain the case in Texas State Court, the Defendant would have the burden to establish that STATE FARM was improperly joined and demonstrate diversity jurisdiction.  However, at this time, Defendant does

not know if STATE FARM is considered a Texas resident  *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001).  However, the Federal Rules of Civil Procedure provide the Court with options related to the joinder of improper Defendants to defeat diversity.  As the Courts have consistently found improper joinder during the pharmaceutical litigation, Courts are cognizant of the joinder of improper Defendants as a tactic to prevent removal.   In this matter, the claims against STATE FARM are not ripe and, therefore not a claim that could be adjudicated at this time.

b.)     Federal courts police the joinder of defendants with Rule 21 and the fraudulent/improper joinder doctrine. Rule 21 is primarily a check on the mechanics of joinder, in that a federal court may dismiss a diversity-destroying party for failure to satisfy the Rule 20 standards for joinder. See, Fed R. Civ. Pl 20 & 21.  Although a improperly joined party purports to satisfy Rule 20, a court will nevertheless ignore a claim against the improper defendant which is substantively defective.  The primary tool federal courts use to review all forms of improper joinder is Federal Rule of Civil Procedure 21.  The rule provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."  Severance is permitted in two distinct situations. First, a court may dismiss defendants improperly joined under the permissive joinder requirements of Rule 20.4.  These rules allow a federal court to determine independently if the defendant's right of removal is strong enough to overcome the plaintiff's interest in structuring the lawsuit.  Therefore, Courts have a procedural mechanism through which to resolve this issue sua sponte.

12.     In *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2000) the Court addressed the same issue before this court as follows:

> "[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined,' in which case the court disregards that defendant and recognizes complete diversity."

13.     Even if STATE FARM were to defeat diversity, since the claim is not ripe, they are not a proper party it is still considered improper joinder "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  First, the "defendant seeking removal is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339.  IN this case the claim is not ripe and, therefore, there is no valid claim against STATE FARM.

14.     The fraudulent (improper) joinder doctrine permits a federal court, if faced with a plaintiff's motion to remand, to ignore a diversity-destroying defendant if the court determines that the plaintiff has no reasonable basis for adding a claim against that defendant.  Under the doctrine, a court may pierce the pleadings to determine whether a plaintiff has a legitimate claim against the diversity-destroying defendant.  The doctrine is based on the proposition that a plaintiff who impleads a nondiverse defendant only to defeat removal is acting unfairly both toward the nondiverse defendant, who need not be in the lawsuit, and the diverse defendant, whose statutory right of removal is unjustly extinguished.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921)., 257 U.S. 92, 97-98 (1921).  The doctrine's primary benefits are its mandatory nature and the extent to which federal courts can pierce the pleadings to determine whether the joinder was fraudulent/improper. Furthermore, the doctrine provides relatively

straightforward standards to determine whether a nondiverse defendant was joined solely to defeat removal.  Here, opposing counsel verbally agreed to removal before adding STATE FARM.

15.     Plaintiff has no valid claim and no possibility of recovering damages against Defendant STATE FARM.  STATE FARM appears to have been brought in as a party to defeat diversity after consenting to Removal.  Plaintiff has no right of recovery against STATE FARM as the claim is not ripe until a verdict is reached in excess of Defendants SRZ TRANSPORTATION, LLC and GRAY coverage.

### JURY DEMAND

16.     Defendant hereby make a demand for a jury trial.

### CONCLUSION

For these reasons, Defendant TYKELIN TUAWN GRAY, therefore, give notice of their removal of this lawsuit to this Court, and an automatic stay of further proceedings in state district court.

Respectfully submitted,

**RAMEY, CHANDLER, QUINN & ZITO, P.C.**

*/s/ Lee D. Thibodeaux*
Lee D. Thibodeaux
State Bar No. 19834200
750 Bering Drive, Suite 600
Houston, Texas 77057
Telephone:  (713) 266-0074
Facsimile:  (713) 266-1064
lthibodeaux@ramey-chandler.com
**ATTORNEYS FOR DEFENDANTS**
**SRZ TRANSPORTATION, LLC AND**
**TYKELIN TUAWN GRAY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all counsel of record, in accordance with the rules, on this the 13th  day of September, 2021 as follows:

Frank Daniel
The Frank Daniel Law Firm, P.L.L.C.
15055 Fairfield Meadows Dr., Suite 130 #276
Cypress, Texas 77433

*/s/ Lee D. Thibodeaux*
Lee D. Thibodeaux