**CAUSE NO.** _____

| | | |
|---|---|---|
| **LEO YXTA** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| **VS.** | § | |
| | § | _____ **JUDICIAL DISTRICT** |
| **SRZ TRANSPORTATION, LLC** | § | |
| **and** | § | |
| **TYKELIN TUAWN GRAY** | § | |
| **Defendants** | § | **LIBERTY COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION**
**&**
**NOTICE THAT DOCUMENTS WILL BE USED**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW LEO YXTA, Plaintiff in the above-styled and numbered cause, and brings this his Original Petition and for such would show the court as follows:

**I.**
**DISCOVERY**

1. Plaintiff would advise this Court that this matter should be conducted under Level 2 of the Discovery Control Plan as stated in Rule 190 of the Texas Rules of Civil Procedure.

**II.**
**PARTIES AND SERVICE**

2. Plaintiff LEO YXTA is resident of Liberty County and the last 3 of his SS and DL are 489 and 956.

3. Defendant SRZ Transportation, LLC (hereinafter referred to as "Defendant" or "SRZ") is an Indiana Limited Liability Company doing business in the State of Texas for the purpose of accumulating monetary profits and may be served, pursuant to the Texas Civ. Prac. and Rem. Code §17.44, through the Texas Secretary of State is the agent for service on the nonresident, the nonresident engaged in business in Texas, the nonresident does not maintain a regular place of business in Texas, the nonresident does not have a designated agent for service of process, and the

lawsuit arises from the nonresident's business in Texas. The Texas Secretary of State may mail a copy of the citation and petition pursuant to the Texas Bus. Orgs. Code §5.253 to Dale McLetchie, 2384 N 460W, Jasper, Indiana 47546-8108, which is the agent of service of process. Citation is requested at this time.

4. Defendant Tykelin Tuawn Gray ("GRAY") is an individual and a non-resident who may be served pursuant to Tex. Civ. Prac. Rem. Code §17.062. Defendant was operating a motor vehicle in this state when he caused the motor vehicle collision made the basis of this suit. 2 (TWO) citations and 2 (TWO) copies of the petition are requested to be served via certified mail to J. Bruce Bugg, Jr., Chairman Texas Transportation Commission 125 E. 11th Street Austin, Texas 78701-2483. Immediately after being served, the Chairman of the Texas Transportation Commission shall mail a copy of the process and notice that the process has been served on the chairman, by certified mail return receipt requested, with postage pre-paid, to Defendant TYKELIN TUAWN GRAY at his place of residence at 505 Bel Air Blvd., Apt 237, Mobile, AL, 36606-3510, or wherever he may be found.

### III.
### MISNOMER / MISIDENTIFICATION / ALTER EGO / PIERCING THE CORPORATE VEIL

5. In the event any parties are misnamed, or are not included herein, it is plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein.

### IV.
### JURISDICTION AND VENUE

6. This Court has jurisdiction of this matter because it is a suit for damages arising out of an auto crash that occurred in Texas.

7. Venue is proper in this county under Texas Civil Practice and Remedies Code Section 15.002(a)(1) as this is the county where the crash occurred.

## V.
## FACTS

8. On or about July 17, 2021, Leo Yxta, was travelling West bound on SH 105 in Liberty County, Texas when Defendant, GRAY, who was unsafely backing down CR 2069 failed to display warning lamps or any other warning devices as he blocked the oncoming lane of traffic at night/in the dark thereby causing the crash and severe injuries to Plaintiff. Plaintiff was pinned in his vehicle for approximately 2 hours with a broken femur and multiple rib fractures and other injuries before he was life flighted from the scene.

9. At the time of the crash Defendant, GRAY, was acting in the course and scope of his employment with Defendant, SRZ.  The Freightliner truck driven by GRAY was owned by SRZ at the time in question.  As a result of Defendants' Negligence and Gross Negligence, Plaintiff suffered severe injuries due to the negligence and gross negligence of Defendants.

## VI.
## CAUSES OF ACTION

10. <u>Negligence.</u>  Defendants owed Plaintiff several duties involving reasonable care including, but not limited to: duty to exercise care while driving a commercial motor vehicle and other general duties.  Defendants breached these duties in ways including, but not limited to:

   a. failing to maintain a safe distance;

   b. failing to drive roadway laned for traffic (wide load was in oncoming lane of traffic in violation of Texas Transportation Code Section 545.060);

   c. failing to keep a proper lookout;

   d. driving vehicle in willful or wanton disregard for the safety of persons or property;

  e. failing to yield as a person of prudent care would have done;

  f. failing to yield the right of way;

  g. failed to take any evasive action to avoid the collision;

  h. failed to exercise the prudence that was reasonable under the circumstances;

  i. failed to operate proper warning signal and/or lighting;

  j. failing to properly plan route of trip (to avoid turning around in unsafe manner);

  k. failing to apply the brakes to the motor vehicle in a timely and prudent manner and/or wholly failed to apply the brakes in order to avoid the collision in question;

  l. did not know the safety regulations as required by 49 C.F.R. § 392.1;

  m. failed to inspect the equipment or secure the cargo properly prior (or subsequent) to operations as required by 49 C.F.R. § 392.7, 49 C.F.R. § 392.8, 49 C.F.R. § 392.9, 49 C.F.R. § 393.40, 49 C.F.R. § 393.41, 49 C.F.R. § 393.75, 49 C.F.R. § 393.78, 49 C.F.R. § 393.80, 49 C.F.R. § 393.81; and

  n. Other acts and omissions that proximately caused Plaintiff's injuries.

11. It is upon information and belief that Defendant, SRZ among other things;

  a) negligently entrusted and allowed an unqualified driver to drive their front-liner truck;

  b) failed to exercise the prudence that was reasonable under the circumstances;

  c) failed to investigate the driver's driving record as required by 49 C.F.R. § 391.23.

  d) failed to investigate the driver's employment history as required by 49 C.F.R. § 391.23;

  e) failed to administer the driving test as required by 49 C.F.R. § 391.31;

  f) employed a driver who was not knowledgeable of the safety regulations as required by 49 C.F.R. § 392.1;

  g)  failed to require the driver to observe the regulations as required by 49 C.F.R. § 390.11, and/or aided and abetted the violation in contravention of 49 C.F.R. § 390.13 (such as by failing to have the driver file correct logs and not work in excess of the maximum allowed hours required in 49 C.F.R. § 395.3; 49 C.F.R. § 395.8);

  h)  permitted (required, encouraged) the driver to work in excess of the number of hours as required by 49 C.F.R. § 395.3;

  i)  failed to institute a program to discover the falsity of its drivers' logs even though the documentary proof of such violations was furnished to defendant after each trip through the trip receipts and such violations were evident to the defendant, as required by 49 C.F.R. § 390.11; 49 C.F.R. § 390.13; 49 C.F.R. § 395.3;

  j)  failed to secure the advice and aid of a medical review officer in order to determine the use by defendant's drivers of illegal drugs, stimulants, and alcohol as authorized or required by 49 C.F.R. § 391.41; 49 C.F.R. § 391.43; 49 C.F.R. § 391.45.

  k)  failed to maintain the truck and/or trailer as required by 49 C.F.R. § 396.3;

  l)  failed to secure proper permitting for movement of the load in question;

  m)  failed to train and/or maintain proper training driver for moving loads in excess of the legal limits; and

  n)  paid the driver according to the miles traveled rather than in accordance with the number of hours worked, thereby encouraging the violation of the regulations concerning the maximum number of hours that a driver can legally work (49 C.F.R. § 395.3).

12. These breaches proximately caused Plaintiff's damages including, but not limited to: medical expenses, pain and suffering, inconvenience, and other personal and pecuniary harms, for which Plaintiffs sue.

13. The above referenced sections of the Texas Transportation and Federal Motor Carrier Safety Regulations were enacted by their respective Legislature to protect the safety, health, and welfare of the public. Plaintiff is a member of the public, and as a result, was to be protected by said statutes.

14. Each of such acts and/or omissions, singularly or in combination with others, constituted negligence and/or negligence as a matter of law which proximately caused the crash and injuries and damages which Plaintiff suffered.

15. <u>Vicarious Liability</u>. Whenever in this petition it is alleged that the Defendants did any act or thing, it is meant that the Defendants and/or the Defendants' agents, partners, officers, servants, principals, vice principals, borrowed servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the authorization and/or ratification of Defendants and/or was done in the normal and routine course and scope of Defendants' officers, agents, partners, servants, principals, vice principals, borrowed servants, employees and/or representatives duty and/or capacity.  Defendant SRZ is/are vicariously liable for the acts of their officers, agents, partners, servants, principals, vice principals, borrowed servants, employees or representatives, including but not limited to Defendant GRAY because of an employer-employee and/or principal/vice principal relationship, ostensible agency and/or agency by estoppel, and/or the borrowed servant doctrine.

16. <u>Exemplary Damages</u>. Defendants' gross negligence, acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others.  Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

17. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendants.

18. The Plaintiff did not cause or contribute to the collision in question, but rather the negligence and/or negligence per se, if applicable, of the Defendants proximately caused the occurrence in question.

19. By reason of the above and foregoing, the Plaintiff has been damaged in a sum within the jurisdictional limits of this Court. The Plaintiffs also pray for their costs of Court and pre and post judgment interest as allowed by law.

## VII.
## DAMAGES

20. As a result of the occurrence in question, Plaintiff sustained physical damages including but not limited to serious personal injuries, mental anguish, physical pain and suffering, impairment, disability in the past, loss of enjoyment of life and capacity to enjoy life and necessary and reasonable medical expenses. It is believed that the Plaintiff will also suffer legally recoverable damages in the future. The Plaintiff will respectfully request the Court and Jury to determine the amount of loss the Plaintiff has incurred and will incur in the future not only from a financial standpoint but also in terms of good health and freedom from pain and worry. There are certain elements of damages provided by law that the Plaintiff is entitled to have the Jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate the Plaintiff for the injuries, damages and losses incurred from the date of the crash in question until the time of trial of this case, those elements of damages are as follows:

   A. The physical pain that the Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future;

   B. The mental anguish that the Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future;

   C. The amount of reasonable medical expenses necessarily incurred in the treatment of the Plaintiff's injuries from the date of the crash in question up to the time of trial and in the future;

      D.      The loss and/or reduction of earnings and/or earning capacity sustained by the Plaintiff from the date of the occurrence in question up to the time of trial and in the future;

      E.      The physical impairment which the Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future; and

      F.      Exemplary damages

21.    The Plaintiff has sustained various elements of damage, including those specified above, but not limited to those specified above, and the Plaintiff herein reserve the right to plead more specifically and to show more specifically at trial all of those elements of damage.

## VIII.
## NOTICE THAT DOCUMENTS WILL BE USED

22.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the Plaintiff hereby gives notice that all documents produced by the Defendants will be used at any pretrial proceeding or at the trial of this case.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be duly cited to appear and answer herein; and that upon a final trial of this cause, Plaintiff recover jointly and severally:

    a.    Judgment against Defendants (Jointly and Severally) for Plaintiff's damages as set forth above, in an amount within the jurisdictional limits of this Court but not more than $5,000,000.00;

    b.    Interest on the judgment at the legal rate from the date of judgment;

    c.    Prejudgment interest on Plaintiff's damages as allowed by law;

    d.    Costs of court; and

    e.    Such other and further relief to which Plaintiff may be entitled.

        Respectfully submitted,

        **THE FRANK DANIEL LAW FIRM, P.L.L.C.**

        */s/ Frank B. Daniel*
        Frank B. Daniel
        State Bar No. 24048418
        frank@texaslibertyjustice.com
        15055 Fairfield Meadows Dr., Suite 130 #276
        Cypress, Texas 77433
        Phone: (832) 353-3786
        Fax: (832) 353-3797
        **ATTORNEY FOR PLAINTIFF**