IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| LEO YXTA,<br><br>          Plaintiff,<br>vs.<br><br>SRZ TRANSPORTATION, TYKELIN GRAY, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>          Defendant. | NO. 1:21-CV-00475-MJT |

### REPORT AND RECOMMENDATION GRANTING DEFENDANT'S 12(b)(6) MOTION TO DISMISS PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES

This case is assigned to the Honorable Michael J. Truncale, United States District Judge. Judge Truncale has referred Defendant State Farm Mutual Automobile Insurance Company's pending *12(b)(6) Motion to Dismiss Plaintiff's Claim for Attorney's Fees* (Doc. No. 21) to the undersigned United States Magistrate Judge for recommended disposition. Doc. No. 23.

### I.      Factual and Procedural History

On September 9, 2021, Plaintiff Leo Yxta filed his *1st Amended Original Petition* in the 75th District Court, Liberty County, Texas. Doc. No. 3. In his Petition, Yxta sought damages from Defendants SRZ Transportation and Tykelin Gray for their alleged negligence in causing his automobile accident. *Id*. Yxta also sought a state-law declaratory judgment that he was entitled to recover damages—including attorney's fees—from his automobile insurer, Defendant State Farm, for unfair settlement of his claims. *Id*. at 4. On September 14, 2021, Defendant Gray removed the case to this court with the consent of his co-defendants. Doc. No. 1. On January 31,

2022, Defendant State Farm filed the pending *12(b)(6) Motion to Dismiss Plaintiff's Claim for Attorney's Fees.* Doc. No. 21. Yxta has not filed a response, and the time for doing so has passed.

## II.  Discussion

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must include "sufficient factual matter which, when taken as true, states 'a claim to relief that is plausible on its face.'" *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations need only "be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545.

Yxta's state-court Petition sought a declaratory judgment under Texas Civil Practice & Remedies Code Chapter 37. Doc. No. 3 at 4. After Yxta filed his Petition, State Farm removed the case to this court based on diversity jurisdiction. The removal to federal court of a claim seeking relief under the Texas Declaratory Judgment Act ("Texas DJA") causes the claim to be viewed as brought under the federal Declaratory Judgment Act. *Edionwe v. Bailey*, 860 F.3d 287, 294 n.2 (5th Cir. 2017); *see also Young Conservatives of Tex. Found. v. Univ. of N. Texas*, 551 F. Supp. 3d 717, 722 (E.D. Tex. 2021).

Under Fifth Circuit precedent, "a party may not rely on the Texas DJA to authorize attorney's fees in a diversity case because the statute is not substantive law." *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998). The fee provision is procedural, and "Texas procedure does not govern [a] diversity action." *Id.* "[A]lthough a party may recover fees in a

federal declaratory judgment action where controlling substantive law permits such recovery, the Texas DJA is neither substantive nor controlling." *Id*. This court has recently held the same. *See Aspen Specialty Ins. Co. v. Yin Invs. USA, LP*, No. 6:20-CV-6, 2020 WL 4505903, at *2 (E.D. Tex. Aug. 5, 2020) (dismissing counterclaim for attorney's fees under the Texas DJA because "[a]lthough that Act does provide for attorney's fees, that provision is procedural law and thus does not govern in this diversity action") (citations omitted). Accordingly, Yxta is not entitled to attorney's fees from State Farm because he seeks them under the Texas Declaratory Judgment Act. He therefore has failed to state a claim that is plausible on its face.

### III.     Recommendation

For the foregoing reasons, the undersigned recommends that the court **GRANT** Defendant State Farm Mutual Automobile Insurance Company's *12(b)(6) Motion to Dismiss Plaintiff's Claim for Attorney's Fees* (Doc. No. 21) and **DISMISS** Plaintiff Leo Yxta's claim for attorney's fees (Doc. No. 3 at 4).

### IV.     Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED this 20th day of April, 2022.

_____
Zack Hawthorn
United States Magistrate Judge